```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| EINHORN, Administrator of the TEAMSTERS PENSION FUN OF PHILADELPHIA & VICINITY,<br><br>         Plaintiff,<br><br>    v.<br><br>KALECK BROTHERS, INC.,<br><br>         Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 08-5307 (JEI)<br><br>**OPINION**<br>(Dkt No. 25) |

**APPEARANCE:**

Jo Bennett, Esq.
Frank C. Sabatino, Esq.
STEVENS & LEE
1818 Market Street, 29th Floor
Philadelphia, PA 19103
        Counsel for Plaintiff.

Melvin C. McDowell, Esq.
Kenneth Federman, Esq.
ROTHBERG & FEDERMAN, P.C.
3101 Hulmeville Road
Suite 200
Bensalem, PA 19020
        Counsel for Defendant.

**IRENAS**, Senior District Judge:

     Before this Court is Defendant Kaleck Brothers, Inc's Motion for Reconsideration of the Court's May 17, 2010 Order granting Plaintiff's Motion for Summary Judgment.  Because the Defendant

fails to identify a clear error of law or fact, the Court will deny its motion for reconsideration.

I.

Plaintiff, William J. Einhorn ("Einhorn") is the Administrator of the Teamsters Pension Fund of Philadelphia & the Vicinity (the "Fund"). Einhorn contended Kaleck Brothers, Inc. ("Kaleck Brothers") was liable for withdrawal liability, assessed against it by the Fund in 2006. This withdrawal liability was assessed in accordance with the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), a statutory amendment to the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 *et seq.*. Plaintiff filed this complaint in October 27, 2008, asking for $40,337.33 in withdrawal liability, plus prejudgment interest, liquidated damages, attorneys fees and costs.

Plaintiff moved for summary judgment on October 1, 2009 on the grounds that the Defendant had waived its right to challenge the Fund's withdrawal liability determination because it failed to initiate arbitration within the statutorily required deadline. On October 16, 2009, Defendant filed a cross-motion for summary judgment contending the deadline for arbitration should be equitable tolled and the case should be remanded for arbitration. On May 17, 2010, after oral argument, this Court granted Plaintiff's Motion for summary judgment and denied the

Defendant's cross-motion.

Kaleck Brothers filed the present motion for reconsideration on June 1, 2010 on the grounds that the 1) the Court applied an incorrect summary judgment standard, 2) the Court based its flawed decision upon dicta from the Third Circuit and 3) that the Court did not directly address the separation of power issues raised by the Defendant.

## II.

Parties may file a motion for reconsideration of an order under the District of New Jersey Local Civil Rules.  D.N.J. L.Civ.R. 7.1(I).  Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e).  *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990).  The purpose of a motion for reconsideration is to "correct manifest errors of law or fact." *Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(internal quotations omitted).  Therefore, a court may exercise its discretion to alter or amend its judgment if the movant demonstrates one of the following: (1) an intervening change in the controlling law; (2) availability of new evidence not available when the judgment was granted; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Id.*

In the instant case, the only basis for reconsideration available is the need to correct a clear error of law or fact or

to prevent manifest injustice.  "[T]he movants must show that the court overlooked a factual or legal issue that may alter the disposition of the matter, such as when dispositive factual matters or controlling decisions of law were brought to the court's attention, but not considered." *Marshak v. Treadwell*, 2008 WL 413312 at *5, (D.N.J.2008).  A motion for reconsideration "does not permit a Court to rethink its previous decision, rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked."  *Buffa v. New Jersey State Dept. of Judiciary*, 56 Fed.Appx. 571, 575 (3d Cir.2003).

### III.

First, Defendant alleges the Court applied the right standard for summary judgment but then "engaged in a weighing of the evidence," contrary to the standard's requirements.  Def. Br. In Support of Motion for Reconsideration, 1.  In other words, Defendant contends the Court just applied the standard incorrectly, not that it applied the wrong legal standard.  Simply disagreeing with the Court's application of a standard of review to the pending motions is not a suitable basis for a motion for reconsideration.

Second, the Defendant alleges the Court made a flawed decision with regards to the inapplicability of the exhaustion doctrine to the sections 1381-1399 of the MPPAA, by relying upon

dicta from two Third Circuit opinions, *Flying Tiger Line v. Central States, Southwest and Southeast Areas Pension Funds,* 830 F.2d 1241 (3d Cir. 1987) and *Crown Cork and Seal Co., Inc. v. Central States Southeast and Southwest Areas Pension Fund*, 982 F.2d 857 (3d Cir. 1992).  Kaleck Brothers do not indicate the Court overlooked mandatory legal precedent, but rather that the Court should not have relied on those cases because in neither case "was the question addressed solely one of statutory interpretation."  *Id.* at 3.  It is well within the Court's discretion to use legal precedent, not directly on point, to support its determination in the case at bar.  Essentially, Defendant asks the Court to rethink its previous decisions in light of further examination of the relevant law and again, this is not a suitable basis for a motion for reconsideration.

Finally, Kaleck Brothers contend that the court did not directly address the separation of powers issue.  The Defendant is correct; the Court did decline to engage this issue, referring to the venerable "canon of constitutional avoidance."  *Id.* at 12.  Again, the Defendant is displeased with this result but does not point out how this constitutional avoidance is proper grounds for a motion for reconsideration.

IV.

Because the Defendant does not identify the need to correct a clear error of law or fact or to prevent manifest injustice,

this Court will deny its motion for reconsideration.  The Court will issue an appropriate order.

Date: July 12 , 2010

                                 s/ Joseph E. Irenas

                                 JOSEPH E. IRENAS, S.U.S.D.J.